United States District Court
Southern District of Texas

**ENTERED**

September 26, 2024

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SON AN NGUYEN, §
§
        Plaintiff, §
§
v. §
§   CIVIL ACTION NO. H-23-4670
§
ERIKA MICHELLE NEELY and PV §
HOLDING CORP. d/b/a AVIS §
BUDGET GROUP, INC., §
§
        Defendants. §

## MEMORANDUM OPINION AND ORDER

Son An Nguyen ("Plaintiff") alleges that Erika Michelle Neely ("Neely") collided with Plaintiff's vehicle while driving a car negligently rented to her by PV Holding Corp. d/b/a Avis Budget Group, Inc. ("Avis").[1] Pending before the court is Defendant PV Holding Corp. d/b/a Avis Budget Group, Inc.'s Traditional and No-Evidence Motion for Summary Judgment ("Avis's MSJ") (Docket Entry No. 8). Because Plaintiff cites no evidence that Avis employees knew or should have known that Neely was an unlicensed, incompetent, or reckless driver, Avis's MSJ will be granted, and Avis will be dismissed with prejudice. Because Plaintiff has not

---

[1]Plaintiff's First Amended Original Petition and Rule 193.7 Notice ("Amended Petition"), Exhibit C to Defendant PV Holding Corp. d/b/a Avis Budget Group, Inc.'s Notice of Removal ("Notice of Removal"), Docket Entry No. 1-3, pp. 11-12. All page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

timely filed proof of service of summons and complaint on Neely, Neely will be dismissed without prejudice.

## I.  **Background**

On September 26, 2023, Plaintiff brought this action in state court.[2]  On December 14, 2023, Avis removed the action to this court.[3]  Plaintiff alleges that he and Neely were traveling in opposite directions on Bellaire Boulevard in Houston when Neely — failing to yield the right of way — turned across Plaintiff's lane and collided with his vehicle.[4]  Plaintiff alleges negligence claims against Neely.[5]  Plaintiff alleges negligent entrustment and employer negligence claims (i.e. negligent training, retention, and supervision) against Avis, which owned the vehicle and rented it to Neely.[6]

Avis filed its MSJ on July 16, 2024.[7]  Avis argues that Plaintiff's negligent entrustment claim fails because Avis fulfilled its duty to verify that Neely had a driver's license and because there is no evidence that Avis employees knew or should

---

[2]Plaintiff's Original Petition and Rule 193.7 Notice, Exhibit C to Notice of Removal, Docket Entry No. 1-3, p. 3.

[3]Notice of Removal, Docket Entry No. 1, p. 1.

[4]Amended Petition, Exhibit C to Notice of Removal, Docket Entry No. 1-3, p. 11.

[5]Id. at 11-12.

[6]Id. at 12-13.

[7]Avis's MSJ, Docket Entry No. 8.

-2-

have known that Neely was an incompetent or reckless driver.[8]  Avis
argues that Plaintiff's employer negligence claims fail because
there is no evidence that Avis breached any duty to Plaintiff or
that any negligence in its training, retaining, or supervising its
employees proximately caused Plaintiff's damages.[9]  Plaintiff has
not filed a response.[10]

## II.  **Legal Standards**

### A.  **Negligent Entrustment and Employer Negligence**

To establish a claim for negligent entrustment in Texas, a
plaintiff must show "(1) entrustment of a vehicle by an owner
(2) to an unlicensed, incompetent or reckless driver (3) that the
owner knew or should have known to be unlicensed, incompetent, or
reckless (4) that the driver was negligent on the occasion in
question and (5) that the driver's negligence proximately caused
the accident." Nobbie v. Agency Rent-A-Car, Inc., 763 S.W.2d 590,

---

[8]Id. at 1-2 ¶ 1.

[9]Id. at 2 ¶ 2.

[10]Pursuant to Local Rules 7.3 and 7.4, because Plaintiff has
not responded to Avis's MSJ within 21 days, the motion is treated
as unopposed. See Local Rules of the United States District Court
for the Southern District of Texas, Rule 7.3 ("Opposed motions will
be submitted to the judge 21 days from filing without notice from
the clerk and without appearance by counsel.") and Rule 7.4
("Failure to respond to a motion will be taken as a representation
of no opposition.").  But Plaintiff's failure to respond is not in
itself grounds for granting the motion.  Servicios Azucareros de
Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806
(5th Cir. 2012).  The court must assess the merits of the motion to
determine whether summary judgment is warranted.  See id.

592 (Tex. App.—Corpus Christi 1988). "[T]he fact that [a renter] held and exhibited a valid, unrestricted driver's license to [the rental company is] prima facie evidence of his competency to drive a motor vehicle and, absent any evidence to the contrary at the time he rented the [vehicle], conclusively negate[s] the element that [the rental company] then knew or should have known that [the renter] was an incompetent or reckless driver." Bartley v. Budget Rent-A-Car Corp., 919 S.W.2d 747, 752 (Tex. App.—Amarillo 1996).

"To successfully prosecute a claim of negligent hiring, supervision, or retention, a plaintiff is required to show that: (1) the employer owed a legal duty to protect third parties from the employee's actions; and (2) the third party sustained damages proximately caused by the employer's breach of that legal duty." EMI Music Mexico, S.A. de C.V. v. Rodriguez, 97 S.W.3d 847, 858 (Tex. App.—Corpus Christi 2003).

## B.   Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact is or is not genuinely disputed must support the assertion by "citing to particular parts of materials in the record[.]"   Fed. R. Civ. P. 56(c)(1)(A). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element

-4-

essential to that party's case[.]" Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Id. at 2554. "The burden shifts to the non-moving party to show, with competent evidence, the existence of a genuine dispute of material fact." Miller v. Michaels Stores, Incorporated, 98 F.4th 211, 216 (5th Cir. 2024). "The court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party." Id.

## III. **Analysis**

### A. **Plaintiff's Negligent Entrustment Claim**

To establish a negligent entrustment claim, Plaintiff must show that Avis knew or should have known that Neely was an unlicensed, incompetent, or reckless driver. Avis's only duty to investigate Neely's driving ability was to verify that she had a driver's license. See Bartley, 919 S.W.2d at 752. According to the police report from the crash, Neely had a Texas driver's license.[11] And there is no evidence that Avis employees had any reason to believe that Neely was an incompetent or reckless driver. Avis is therefore entitled to summary judgment on Plaintiff's negligent entrustment claim.

---

[11]Texas Peace Officer's Crash Report, Exhibit 1 to Avis's MSJ, Docket Entry No. 8-1, p. 2.

**B. Plaintiff's Employer Negligence Claims**

To establish a claim for negligent training, retention, or supervision, Plaintiff must show that Avis owed a duty to protect Plaintiff from its employees' actions and that Avis's failure to do so proximately caused Plaintiff's injuries. Plaintiff has offered no evidence that Avis owed any such duty or that Avis's employees proximately caused Plaintiff's injuries. Avis is therefore entitled to summary judgment on Plaintiff's negligent training, retention, and supervision claims.

## IV. Conclusion and Order

Plaintiff has failed to cite evidence to support his negligent entrustment and employer negligence claims. Defendant PV Holding Corp. d/b/a Avis Budget Group, Inc.'s Traditional and No-Evidence Motion for Summary Judgment (Docket Entry No. 8) is therefore **GRANTED**, and this action will be dismissed with prejudice against Avis.

More than 90 days have passed since this case was filed on December 14, 2023. Paragraph 8 of the court's Order of Conference (Docket Entry No. 2) states:

> Fed. R. Civ. P. 4(m) requires defendant(s) to be served within 90 days after the filing of the complaint. <u>The failure of plaintiff(s) to file proof of service within 90 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative without further notice.</u>

The court's file does not reflect the filing of proof of service of summons and complaint on Neely. Accordingly, this

action will be dismissed without prejudice against Neely for Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 4(m).

**SIGNED** at Houston, Texas, on this 26th day of September, 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-7-